UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE FERNANDO PINEDA PEREZ,

Petitioner,

v.

WARDEN, et al.,

Respondents.

Case No. 5:26-cv-05983-HDV-SSC

**ORDER GRANTING PRELIMINARY INJUNCTION [1]**

## I. INTRODUCTION

Petitioner Jose Fernando Pineda Perez entered the United States five years ago and was paroled by immigration authorities. Since then, Petitioner has made a life in the United States, including raising U.S. citizen children. Over two months ago, ICE agents approached Petitioner without knowing his identity and arrested him without a warrant or notice to appear. Petitioner has been in custody for two months without an initial custody determination or bond hearing.

Respondents do not contest any of the facts set forth in the Petition. Respondents argue that they could revoke Petitioner's parole without an "intensive evidentiary procedure," *see* Government's Response at 3 [Dkt. 10], but this does not explain why Petitioner was arrested and detained without any of the procedural protections he is entitled to under the Immigration and Nationality Act ("INA"). Nor does it address Petitioner's claim for violation of due process.[1] As discussed below, Respondents' post-hoc justifications for Petitioner's arrest and parole revocation are insufficient to support Petitioner's continued detention.[2]

---

[1] Because the Court grants release on other grounds, it does not discuss Plaintiff's due process claim at length. However, because of Plaintiff's previous parole, lengthy stay, employment and family ties in the United States, it is likely that Plaintiff has a heightened liberty interest. *See e,g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) ("[Petitioner]has a substantial private interest in remaining out of custody. She has an interest in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community…"). And the risk of erroneous deprivation is high given that the I-213 had errors in Petitioner's purported criminal history. *Compare* I-213 [Dkt. 10-1] *and* Petitioner's Reply, Ex. 1 [Dkt. 16-1]. The balancing of *Mathews* factors would weigh in favor of requiring more process, specifically a pre-deprivation hearing. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (three factors relevant for the due process inquiry: (i) the private interest, (ii) the risk of an erroneous deprivation and the value of additional procedures sought, and (iii) the government's interest, including the burdens associated with the additional procedures sought).

In addition, Respondents did not substantively respond to the merits of Petitioner's due process claim. Their failure to do so constitutes forfeiture of the arguments they could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.").

[2] The I-213 provided by Respondents states that Petitioner was convicted of California Penal Code section 273.5(A). I-213 [Dkt. 10-1 at 10]. However, Respondents admit that this was not known to ICE agents at the time of the arrest and not the basis of the revocation of Petitioner's parole. See

Finding Petitioner's detention to be unlawful, the Court orders him released forthwith.

## II. BACKGROUND

Petitioner is a citizen of Honduras who entered the U.S. in 2021 and presented himself to immigration authorities to apply for asylum. *Id.* at 3. That same day, Petitioner was released on parole. *Id.* Since then, Petitioner has acquired work authorization, filed taxes, and kept his address updated with USCIS. *Id.* Petitioner now has three U.S. citizen children aged two, three and five years old, for whom Petitioner is the main provider. *Id.* at 3; Petitioner's Reply at 12 [Dkt. 16].

On August 25, 2026, Petitioner was in a vehicle waiting outside of an AutoZone when he witnessed "masked men chasing down a group of Hispanic males[.]" Petition at 3. The masked men approached Petitioner in his car, questioned him, and arrested him without notice and without a warrant. *Id.* Petitioner was taken to an ICE facility nearby where his fingerprints and photo were taken. *Id.* Plaintiff was then transferred to Adelanto where he continues to be held. *Id.* Petitioner is suffering from a painful abdominal hernia and has been denied adequate medical care in detention. Petitioner's Reply at 12.

## III. LEGAL STANDARD

The standard for issuing a preliminary injunction is the same as that for issuing a temporary restraining order. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). To prevail on such a motion, the movant must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent the temporary restraining order, (3) the balance of equities tips in his favor, and (4) a temporary restraining order is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). Where the non-movant is a government entity, "the third and fourth factors ... merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc). In the Ninth Circuit, the *Winter* factors may be

---

Notice to Appear [Dkt. 10-1]. Furthermore, Petitioner has submitted documentation contradicting the unsupported I-213 statement. *See* Petitioner's Reply, Ex. 1 (case record showing Petitioner's nolo contendere plea for "Disturbing The Peace by Loud Noise").

evaluated on a sliding scale such that "a stronger showing of one element may offset a weaker showing of another." *Id.* at 684 (citation omitted). "When the balance of equities 'tips sharply in the plaintiff's favor,' the plaintiff must raise only 'serious questions' on the merits—a lesser showing than likelihood of success." *Id.* (citation omitted).

## IV. DISCUSSION

### A. Likelihood of Success

Petitioner has shown a likelihood of success on multiple grounds. Petitioner's arrest and detention violated at least several statutory and regulatory requirements because a warrant and notice to appear were not obtained, and an analysis of his likelihood to escape was not conducted ***before*** his arrest. *See* 8 U.S.C. §§1226 (a)(noncitizen may be arrested and detained pending decision on removal ***on a warrant***), 1357 (ICE may only make warrantless arrest where probable cause exists for immigration violation and escape risk).

In response, Respondents assert that Petitioner was arrested under 8 U.S.C. § 1225(b)(2). Response at 1. But that provision does not provide a lawful basis for the arrest and detention of Petitioner, who was paroled into the United State five years ago. *See Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) (noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). By wrongfully asserting that Petitioner is subject to section 1225, Respondents implicitly concede that Petitioner was not afforded the process required by section 1226.[3] On this record, it is clear that

---

[3] The Court finds it especially troubling that Respondents represented in oral argument that Petitioner had not received any sort of custody determination in over two months because ***Petitioner failed to request one***. However, based on their own assertion that Petitioner was subject to section 1225, they failed to offer him the means to request a bond hearing. "The typical way that noncitizens request a bond hearing is by checking a box on the Form I-286 Notice of Custody Determination, which is issued to a noncitizen following the initial custody determination made by an ICE officer." *Dominguez v. Janecka*, 2026 WL 2574835, at *4 (C.D. Cal. Aug. 31, 2026). Here, Petitioner was not provided with an initial custody determination and thus was not given the practical means to request a bond hearing. *See id.* ("The Court therefore rejects Respondents' suggestion that the Petition should be denied because Petitioner did not request a bond hearing after *Rodriguez Vazquez*, to seek reconsideration of a decision never made, based on a process that was not made available to her, that would have been denied by the immigration courts had she pursued it at the outset of her detention.")

"Petitioner's detention 'was unlawful from its inception because ICE detained him under the wrong statute and without affording him any notice or process whatsoever, much less the procedures due under Section 1226(a).'" *See Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). The proper remedy for violations of this ilk is immediate release. *See e.g*, *Dominguez v. Janecka*, No. 5:26-CV-04540-BFM, 2026 WL 2574835, at *4 (C.D. Cal. Aug. 31, 2026) (collecting litany of federal cases holding the same).

**B. Irreparable Harm**

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "[U]nlawful detention certainly constitutes 'extreme or very serious'" injury which "is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). Moreover, the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention," including "subpar medical…care in ICE detention facilities." *Id.* at 995. Petitioner is experiencing severe pain due to an abdominal hernia, for which care in detention has been delayed and denied. This factor also weighs strongly in favor of Petitioner.

**C. Balance of Equities and Public Interest**

Finally, the balance of equities and public interest "tips sharply" in favor of Petitioner. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Fellowship of Christian Athletes*, 82 F.4th at 695 (citation omitted); *see also Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citation omitted)); *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Of course, the government and the public undoubtedly have a significant interest in the enforcement of immigration laws, but that includes an interest in "upholding procedural protections against unlawful detention." *Pinchi*, 792 F. Supp. 3d at 1037 (citation omitted). Without these procedures, the government cannot guarantee the accuracy of the outcome. *See Ceesay v.*

*Kurzdorfer*, 781 F. Supp. 3d 137, 144 (W.D.N.Y. 2025) ("[F]air process—not just the correct outcome—matters. After all, without due process, there is no way to tell whether the result is in fact correct."). Because Petitioner has shown a likelihood that his detention is unlawful, this factor also weighs strongly in his favor.

## V. CONCLUSION

For the foregoing reasons, the Court grants the preliminary injunction.

Respondents are ordered to **release forthwith Petitioner Jose Fernando Pineda Perez (A# 213-209-476)** from Adelanto ICE Processing Center. Petitioner's release shall be under the same terms and conditions, and no more onerous than before his August 2026 arrest.

Further, Respondents are:

- Enjoined and restrained from re-detaining Petitioner without immediately providing him with a pre-deprivation bond hearing.[4]
- **Ordered to file a statement with the Court within two days of this Order regarding compliance with this Order.**

---

[4] At any such hearing, consistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the government to bear the burden) (citing *Singh* and *Martinez*); *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the government should still be followed).

- Ordered to place a copy of this Order in Petitioner's A-file (213-209-476).



Dated: October 28, 2026

Hernán D. Vera
United States District Judge